The opinion states the case.

*W. B. Moss,* of Sinton, and *J. W. Ragsdale,* of Victoria. for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—This appeal is from an order of the District Judge of San Patricio County refusing to reduce the amount of bail in a case where the charge was robbery by the use of firearms in which bail had theretofore been fixed at $5000.00.

The record is precisely like that in the companion case of Ex parte Boyd Nelson, No. 16,720, in which the judgment refusing to reduce bail was affirmed. For the reasons stated in that opinion the order here will be the same.

The judgment is affirmed.

*Affirmed.*

EX PARTE ANDREW SCOTT.

No. 16722. Delivered February 28, 1934.
Reported in 69 S. W. (2d) 127.

The opinion states the case.

*W. B. Moss,* of Sinton, and *J. W. Ragsdale,* of Victoria, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—This appeal is from an order of the District Judge of San Patricio County refusing to reduce the amount of bail in a case where the charge was robbery by the use of firearms in which bail had theretofore been fixed at $5000.00.

The record is precisely like that in the companion case of

Ex parte Boyd Nelson, No. 16,720, in which the judgment refusing to reduce bail was affirmed. For the reasons stated in that opinion the order here will be the same.

The judgment is affirmed.

*Affirmed.*

JAMES O'QUINN v. THE STATE.

No. 16452. Delivered February 28, 1934.
Reported in 69 S. W. (2d) 85.

The opinion states the case.

*Edward Risinger*, of Rosenberg, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for passing as true a forged instrument, the punishment being two years in the penitentiary.

The instrument alleged to have been forged was a check payable to H. J. Turner and signed "Humble Pipe Line Company, Treasurer, Geo. W. Sears,—Assistant Treasurer, C. W. Tulles." It was also averred in the indictment that the instrument was indorsed on the back "H. J. Turner." We are at some loss to determine whether it was intended to charge the forgery of the indorsement, or to charge forgery in the execution of the check itself. If it was claimed that Turner's indorsement was forged, and the purpose was to so charge, we refer to Cochran v. State, 115 Texas Crim. Rep., 201, 30 S. W. (2d) 316; Landrum v. State, 118 Texas Crim. Rep., 132, 42 S. W., 1026.

It is apparent from the record that appellant has no just ground to complain that he was not given a "speedy" trial guaranteed him by the Constitution. The indictment was returned into court on September 7th. Appellant was put to trial the